UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

UNITED STATES OF AMERICA,

    -  against  -

TUSHAR WALIA,

              Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CR-213 (MKB)

MARGO K. BRODIE, United States District Judge:

        Defendant Tushar Walia is charged in a two-count indictment with conspiracy to distribute and possess with intent to distribute XLR11 and attempted possession of XLR11 with intent to distribute, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846. Currently before the Court is Defendant's motion to suppress post-arrest statements and tangible evidence obtained after a search of Defendant's cellular telephone and certain packages, and Defendant's application for a hearing concerning five photographic identifications made by witnesses. For the reasons discussed below, the Court denies Defendant's motion to suppress his post-arrest statements and tangible evidence without a hearing. The Court will hold a hearing to determine whether the photographic identifications were unduly suggestive.

**I. Background**

        According to the complaint filed on March 12, 2014 in support of an application for an arrest warrant for Defendant, on or about March 6, 2014 and again on March 8, 2014, agents from Homeland Security Investigations of the United States Department of Homeland Security ("HIS"), detained a total of eight suspicious packages (four on each day), which packages had been shipped from China and were destined for a storage locker in Queens, New York, rented by

"Anup Shah." (Compl. ¶ 1.) The packages contained a substance that was tested and determined to contain XLR 11, a synthetic cannabinoid which is a Schedule I controlled substance. (*Id.*)

On or about March 11, 2014, HIS agents delivered the seized packages to the storage locker and conducted surveillance. (Compl. ¶ 4.) The agents observed Defendant collect the packages from the storage locker and subsequently placed Defendant under arrest. (*Id.* ¶¶ 4–6.) After reading Defendant his *Miranda* rights, Defendant admitted that he used the name Anup Shah as an alias. (*Id.* ¶ 6.) Defendant also stated that he believed the packages contained synthetic cannabis and that he had received approximately 10 to 12 packages per week since early 2013, earning approximately $20,000 to reship the packages to various addresses in California. (*Id.*) Shortly after his arrest, agents searched the packages and Defendant's cellular telephone pursuant to Defendant's written consent and determined that the packages contained XLR 11. (*Id.* ¶ 8.)

On or about March 9, 2014 and March 10, 2014, agents showed photographic arrays to five individuals, all of whom identified Defendant as the individual known to them as Anup Shah. (Government's Memorandum of Law in Opposition to Defendant's Motion to Suppress at 4–5.)

## II. Discussion

### a. Motion to suppress statements and evidence

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *Jones v. United States*, 365 F. App'x 309, 310 (2d Cir. 2010) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). While a defendant's allegations that he was not advised of his *Miranda*

rights is sufficient to require an evidentiary hearing, *see United States v. Mathurin*, 148 F.3d 68, 69–70 (2d Cir. 1998) (per curiam), such a hearing is not required if the defendant's papers in support of the motion to suppress do not create a dispute over a material fact, *see United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992). *See also Jones,* 365 F. App'x at 310 (finding no abuse of discretion in not holding an evidentiary hearing where "there was no material factual dispute . . . ."); *United States v. Pierce*, No. 06-CR-42, 2007 WL 1175071, at *3 (E.D.N.Y. Apr. 19, 2007) ("Absent a contested issue of material fact, a defendant is not entitled to an evidentiary hearing.") (citing *Pena,* 961 F.2d at 339); *United States v. Robinson*, 153 F. Supp. 2d 188, 191 (E.D.N.Y. 2001) ("[A] district court is not required to hold an evidentiary hearing if the defendant's 'moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested.'") (quoting *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969); *United States v. Fruchter*, 104 F. Supp. 2d 289, 308 (S.D.N.Y. 2000) ("A motion to suppress does not require a hearing unless there is a factual dispute.") (citing *Pena,* 961 F.2d at 339).

In addition, no hearing is required if the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge. *See United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (holding that statement by attorney did not raise a factual issue where it did not allege personal knowledge on the part of the attorney); *see also United States v. Mottley*, 130 F. App'x 508, 510 (2d Cir. 2005) (holding that attorney's statements in a reply brief were insufficient to create an issue of fact and because the defendant failed to deny the allegations against him in his affidavit, the affidavit failed to raise an issue of fact and the district court properly denied an evidentiary hearing); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) ("[M]ere conclusory allegations or denials in legal memoranda or oral

3

argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (citation and internal quotation marks omitted)).

Here, in support of his motion for an evidentiary hearing to suppress his statements and evidence obtained from the packages and his cellular telephone, Defendant submitted a signed statement from counsel and a memorandum of law. (Docket Entry No. 14.) Because Defendant failed to submit an affidavit from someone with personal knowledge about the circumstances under which his statements were made and the search of the packages and his cellular telephone conducted, Plaintiff has not disputed the government's assertion that he was read his *Miranda* warnings and knowingly waived same and that he gave written consent to search the packages and his cellular telephone. Therefore, Plaintiff is not entitled to an evidentiary hearing.

Moreover, even if the Court accepts counsel's statement, despite counsel's lack of personal knowledge, said statement does not raise any contested issue of material fact. Counsel states that Defendant "does not recall being administered his *Miranda* warnings." (Statement of Len Kamndang ¶ 7.) Such a statement is insufficient to contest the government's assertion, as set forth in the complaint, that Defendant orally waived his *Miranda* rights. *See Mottley*, 130 F. App'x at 510 (noting that statements submitted by defendant's attorney in a reply brief "cannot by themselves create a factual issue"); *see also United States v. Giamela*, No. 05-CR-06, 2005 WL 1423332, at *1 (S.D.N.Y. June 13, 2005) (finding statement by defendant that he did "not recall being advised . . . . [his] *Miranda* rights" insufficient to raise a contested issue of fact for an evidentiary hearing). Similarly, counsel's statement that Defendant does not "recall giving consent to search" the packages or his cellular telephone does not contradict the government's claim that Defendant did consent to the search of the packages and the cellular telephone, nor does it contradict or challenge the actual consent to search form that Defendant signed. Thus,

counsel's statements, even if accepted by the Court, fail to deny the government's allegations and therefore do not raise any disputed issues of material fact as to the circumstances of Defendant's statements or the search of the packages and his cellular telephone.

Defendant's motion to suppress his statements made after he was read his *Miranda* rights and waived said rights, and to suppress the tangible evidence obtained as a result of a consent search, is denied without a hearing.

### b. Motion to suppress photographic identifications

"Evidence of a pre-trial identification must be excluded if the procedure that produced the identification is so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *United States v. Adeniyi*, No. 03-CR-86, 2003 WL 21146621, at *1 (S.D.N.Y. May 14, 2003) (alteration in original) (internal quotation marks omitted) (quoting *United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994)). "When a witness has made a pretrial identification, the analysis of whether he is to be permitted to identify the defendant at trial normally requires a one-step or two-step inquiry." *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." *Id.* In making this determination the court must consider several factors including "the size of the array, the manner of presentation by the officers, and the array's contents." *Id.* at 974. If the procedures were not unduly suggestive, "the trial identification testimony is generally admissible without further inquiry into the reliability of the pretrial identification." *Id.* at 973.

If, however, the procedures were unduly suggestive, the court must "weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Id.*

In making this determination, the court must look at factors such as "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id.* at 974–75 (quoting *Neil v. Biggers,* 409 U.S. 188, 199–200 (1972)).

Here, Defendant argues that it is unclear what information the agents had at the time that they prepared the photographic arrays and that without a hearing, the Court cannot determine the manner in which the arrays were presented to the witnesses. (Deft's Memo 6.) The government argues that the Court should deny a hearing as to counsel's challenge to the photographic array because in examining the arrays, the Court can determine that they were not unduly suggestive. (Govt's Memo 24.) The government further argues that nothing in the manner in which the arrays were presented to the witnesses renders them unduly suggestive. (*Id.* at 25–26.) While the government may be correct that neither the arrays nor the manner in which they were conducted was unduly suggestive, the Court has no sworn testimony from which it can conclude that the manner in which the arrays were conducted was not unduly suggestive. *See United States v. Stanley*, No. 09-CR-0141, 2009 WL 5066864, at *2 (E.D.N.Y. Dec. 22, 2009) (affirming the magistrate judge's conclusion, *based on a witness' sworn testimony*, that even assuming that the pre-trial identification procedure was unduly suggestive, there existed independent indicia of reliability which would allow the court to admit in-court identification); *United States v. Morgan*, 690 F. Supp. 2d 274, 279 (S.D.N.Y. 2010) (same); *see also United States v. Wilson*, 493 F. Supp. 2d 364, 383 (E.D.N.Y. 2006) ("While [defendant's] claims of suggestivity are speculative at this point, he has raised a concern, and the most cautious route would be to address this issue at the . . . hearing to establish that the photo array procedures were

not unduly suggestive.") Therefore, the Court will hold a hearing to address Defendant's motion as to the suggestiveness of the photographic arrays and procedures.

### III. Conclusion

For the foregoing reasons, Defendant's motion to suppress his statements and evidence obtained from his cellular telephone and certain parcels is denied without a hearing. The Court will hold a hearing on Tuesday, June 10, 2014 at 11:30 A.M. to determine whether the photographic identifications were unduly suggestive. The Court will not conduct a hearing as to the reliability of the identifications unless it determines that the photographic identifications were unduly suggestive.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 5, 2014
       Brooklyn, New York