UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

    - against -

TUSHAR WALIA,

              Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CR-213 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 9, 2014, Defendant Tushar Walia proceeded to trial on a five-count superseding indictment, which charged him with conspiracy to distribute and possess with intent to distribute a controlled substance, attempted possession with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, conspiracy to import a controlled substance, and importation of a controlled substance, which substance contained XLR11, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960(a)(1), 963, and Title 18, United States Code, Sections 2 and 3551 *et seq.* On September 17, 2014, a jury convicted him on all counts. (Docket Entry No. 99.) After trial, the Court relieved Defendant's counsel at counsel's request, and, on October 15, 2014, appointed new counsel.

On January 23, 2015, Defendant moved for a new trial pursuant Rule 33 of the Federal Rules of Criminal Procedure ("Rule 33 Motion"). (Def. Notice of Mot. for New Trial, Docket Entry No. 108.) At a status conference held on May 21, 2015, the Court *sua sponte* raised the issue of whether an evidentiary hearing on the motion was warranted. (May 22, 2015 Minute Entry.) For the reasons discussed below, the Court shall hold an evidentiary hearing on Defendant's Rule 33 Motion.

**I. Background[1]**

On January 23, 2015, Defendant moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Def. Notice of Mot. for New Trial, Docket Entry No. 108; Def. Mem. in Support of Post-Trial Mot. ("Def. Mem."), Docket Entry No. 117.) Defendant argues that he is entitled to a new trial because, among other reasons, he was denied the effective assistance of counsel in violation of his rights under the Sixth Amendment. (Def. Mem. 1–5.) While Defendant argues that his prior trial counsel from Federal Defenders of New York was deficient in numerous respects, his chief argument is that counsel labored under an actual conflict of interest that adversely affected his performance at trial.[2] (Def. Mem. 14.)

**a. Procedural background**

The background necessary to understand Defendant's conflict argument is set forth below. Prior to trial, Defendant moved to suppress, among other things, tangible evidence seized after Defendant purportedly signed a consent to search form. (Mot. to Suppress 5, Docket Entry No. 14.) At that time, Defendant did not submit an affidavit in support of his motion. The government opposed the motion, and submitted a transcribed telephone call that they interpreted as Defendant admitting to signing the consent form. (Gov. Opp'n to Def. Mot. to Suppress 11, Docket Entry No. 16.) On June 5, 2014, the Court denied Defendant's motion without an

---

[1] For purposes of this Order, the Court assumes the parties' familiarity with the case's factual background.

[2] Defendant also argues that counsel's decision to call no witnesses to support Defendant's defense, and his failure to object to various testimony and statements at trial were "objectively unreasonable." (Def. Mem. 4–5, 75–81.)

evidentiary hearing.[3] Thereafter, Defendant filed a sworn declaration, moved to reconsider the Court's Order, and requested an evidentiary hearing on the motion to suppress. (Def. Reply Mot. to Suppress, Docket Entry No. 18.) In his sworn declaration, Defendant stated that he did not "recognize," "sign," or "recognize the signature on" the contested consent to search form. (*Id.* Decl. of Tushar Walia, annexed to Def. Reply Mot. to Suppress as Ex. A, Docket Entry No. 18.) The Court granted Defendant's request, and held an evidentiary hearing on June 10, 2014. By written opinion dated July 18, 2014, the Court denied Defendant's motion to suppress, and found that Defendant did sign the consent form. (July 18, 2014 Order, Docket Entry No. 49.)

The government subsequently indicted Defendant for perjury. (*United States v. Walia*, No. 14-CR-365, Indictment, Docket Entry No. 1 ("*Walia II* Indictment").)[4] The basis for the charge was Defendant's statements in his sworn declaration regarding the motion to suppress. (*Walia II* Indictment.) Specifically, the indictment alleged that the sworn statements that Defendant did not "recognize," "sign," or "recognize the signature on" the consent to search form were false. (*Id.*)

Thereafter, the government moved to disqualify Federal Defenders from representing Defendant in *Walia II*, the perjury case. (*Walia II*, Mot. to Disqual., Docket Entry No. 10.) In their motion, the government argued that there was an actual conflict of interest for multiple reasons: (1) Defendant could assert an advice of counsel defense, implicating privileged

---

[3] The Court found that because Defendant's counsel had only submitted a sworn declaration rather than an affidavit from someone with personal knowledge, Defendant had failed to support the factual allegations regarding what occurred during the search and seizure or interrogation. (June 5, 2014 Order 2–5, Docket Entry No. 17.)

[4] The Court will refer to the current case, *United States v. Walia*, No. 14-CR-213, involving Defendant's drug charges as "*Walia I*," and to the case involving Defendant's perjury charges, *United States v. Walia*, No. 14-CR-365, as "*Walia II*."

3

conversations with counsel (*id.* at 4); (2) counsel could be called as a witness (*id.*); (3) counsel could become an unsworn witness if Defendant testified about conversations with him (*id.*); and (4) Defendant could allege that counsel participated in the perjury, making him unable to give "unbiased advice to the client about such matters as whether or not to testify or to plead guilty and cooperate since such testimony or cooperation from the defendant may unearth evidence against the attorney," (*id.* at 4–5 (quoting *United States v. Fulton*, 5 F.3d 605, 609 (2d Cir. 1993)). In view of the ongoing litigation in *Walia I*, *Walia II* has been adjourned at the parties' request, and the government's disqualification motion in *Walia II* remains pending.

Prior to trial in *Walia I*, the government moved *in limine* to permit the government to cross-examine Defendant about the perjury indictment, among other things. In opposing the motion, counsel noted that "[s]hould the government seek to introduce evidence of [*Walia II*], it would immediately create a potential conflict. It would immediately make one of Mr. Walia's trial counsel a fact witness." (Opp'n to Gov. Mot. *In Limine* 6, Docket Entry No. 43.) On July 25, 2014, the Court granted the motion, ruling that "Defendant can be cross-examined about his . . . 2014 indictment [for perjury] under Rule 608(b) [of the Federal Rules of Evidence]." (July 25, 2014 Order, Docket Entry No. 58.)[5]

### b. Defendant's conflict arguments

In the instant motion for a new trial, Defendant submits that these facts created an actual conflict of interest that denied him effective assistance of counsel in *Walia I*. Defendant argues that counsel labored under an actual conflict in *Walia I* because counsel had an interest in preventing him from testifying at trial. Like the government did in *Walia II*, Defendant argues

---

[5] In *Walia I*, neither party requested a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) to examine any potential or actual conflict of interest in counsel's continued representation of Defendant.

4

that his interest diverged from that of counsel because if he testified regarding the declaration, (1) he might have exposed counsel's misconduct, (2) counsel would have become an unsworn witness to the affidavit and been disqualified as counsel, or (3) he might have claimed advice-of-counsel to rebut credibility attacks based on the affidavit. (Def. Mem. 20–27; Def. Reply 2–13.)

Defendant also argues that irrespective of what his testimony may have been at trial, counsel was actually conflicted either when (1) counsel submitted the declaration or (2) the government moved to disqualify counsel in *Walia II*. According to Defendant, when the government disclosed the telephone recording of him admitting to his girlfriend that he signed the consent to search form, counsel was on notice of evidence that directly contradicted any assertion that Defendant did not sign the form. (*See* May 21, 2015 Hr'g Tr. 11:13–20, 12:14–13:12.)[6] Nevertheless, counsel filed the sworn declaration stating that Defendant did not sign the form. (*Id.* at 12:22–25.) Defendant argues that submitting the declaration despite having notice of directly contradictory evidence could be perceived as unethical or, at least, improper. (*Id.* at 13:3–7 ("[O]ne could question whether [the declaration] should ever have been obtained or pursued in light of the circumstances with the existence of that recording[.]"))

Separately, Defendant relies on the government's disqualification motion in *Walia II*, to argue that the government "raised the [ ] specter of misconduct on the part of [counsel]," (*id.* at 4:21–23), and "essentially . . . threatened [counsel] that if your client testifies, . . . it may result in there being a discovery of evidence against you," (*id.* at 23:9–12, 25:20–23 ("[W]hen the Federal Defenders have been threatened essentially by the government, because of the affidavit that they obtained, you don't need to go any further.")). Together, Defendant argues that counsel had a

---

[6] As discussed further below, the Court held a status conference on May 21, 2015, at which the parties discussed Defendant's motion for a new trial and his ineffective assistance of counsel claims.

strong interest in avoiding any testimony about the declaration. (*Id.* at 5:5–9; 10:13–17, 25:20–23.) According to Defendant, counsel's self-interest in avoiding, at most, actual discipline, or, at least, public embarrassment, impaired counsel's ability to vigorously advocate for Defendant, and to pursue a strategy that risked any exposure of the declaration. (*Id.* at 5:6–8 ("It was against their interest and their own reputation to have Mr. Walia testify and for that affidavit to be discussed at all."))

Defendant argues that in light of this, his conflicted counsel failed to pursue a plausible trial strategy that was "inherently in conflict with" counsel's interests. (Def. Mem. 24–28.) He argues that the trial was therefore fundamentally flawed, and he is entitled to a new one. (*Id.*)

### c. May 21, 2015 conference

At the May 21, 2015 status conference, the Court informed the parties that it believed an evidentiary hearing was necessary to decide the ineffective assistance of counsel claims raised in Defendant's Rule 33 motion. (May 21, 2015 Hr'g Tr. 3:5–4:2, 5:23–6:16.) The government opposed a hearing, arguing that the record was sufficient to reject Defendant's claims, and that Defendant had waived his opportunity to supplement the record. (*Id.* at 19:21–20:1.) Defense counsel also stated that a hearing was not warranted, (*id.* at 23:8–18, 25:18–23), but that he would consult with Defendant and determine whether to supplement the record by presenting hearing testimony in support of the ineffective assistance of counsel claim, (*id.* at 27:22–28:7). The Court reserved decision as to whether to hold a hearing despite the government's opposition, and irrespective of Defendant's decision as to whether to present additional testimony. (*Id.* at 31:25–32:22, 33:8–13.)

## II. Discussion

Whether to hold an evidentiary hearing on a motion for a new trial is within the sound

6

discretion of the district court. *See United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995) ("We will not reverse the denial of a new-trial motion or the refusal to conduct an evidentiary hearing absent an abuse of discretion."); *United States v. Camacho*, 163 F. Supp. 2d 287, 313 (S.D.N.Y. 2001) ("Whether a district court should hold an evidentiary hearing before deciding a motion for a new trial rests in the discretion of that court."). However, "[t]he particular grounds urged by a defendant on a motion for a new trial may affect the necessity of a hearing." *Camacho*, 163 F. Supp. 2d at 313.

Although not always required, a hearing on a Rule 33 motion "is sometimes necessary to provide a sufficient record for [a court] to review the ineffective assistance claim on the merits." *United States v. Thomas*, --- F. App'x ---, 2015 WL 2054429, at *2 (2d Cir. May 5, 2015) (citing *United States v. Brown*, 623 F.3d 104 (2d Cir. 2010); *id.* ("Here, the limited hearing, held by the district court on the basis of affidavits and unsworn factual declarations, was plainly sufficient [for the district court's review]. Because Thomas failed to provide any sworn statement of her own, a full evidentiary hearing 'would be fruitless.'" (quoting *Puglisi v. United States*, 586 F.3d 209, 218 (2d Cir. 2009)). Indeed, in several direct appeals and collateral proceedings where defendants have filed ineffective assistance of counsel claims based on conflicts of interest, the Second Circuit has remanded and directed district courts to develop a factual record. *See, e.g.*, *United States v. Rodriguez*, 531 F. App'x 148, 150 (2d Cir. 2013) (remanding on direct appeal); *Brown*, 623 F.3d at 115 (same); *United States v. Davis*, 239 F.3d 283, 288 (2d Cir. 2001) (same); *United States v. Aiello*, 814 F.2d 109, 114 (2d Cir. 1987) (same); *see also Raysor v. United States*, 647 F.3d 491, 497 (2d Cir. 2011) (remanding in collateral proceeding); *Ventry v. United States*, 539 F.3d 102, 115–16 (2d Cir. 2008) (same); *LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) (same).

Here, although both parties believe the record currently before the Court is sufficient to rule on Defendant's ineffective assistance claims, (May 21, 2015 Hr'g Tr. 19:21–20:1, 23:8–18, 25:18–23), neither has proffered a reason why the Court should not or cannot exercise its discretion to develop the record more fully. Without opining on the merits of the parties' arguments, the Court believes an evidentiary hearing is warranted. The current record is inadequate, and does not allow the Court to decide the ineffective assistance of counsel claims. Indeed, "[n]umerous questions of fact or mixed fact and law must be resolved" to decide some of Defendant's claims. *Raysor*, 647 F.3d at 497. As stated on the record at the May 21, 2015 conference, a number of Defendant's arguments turn on unresolved questions of fact that go to the core of whether his counsel labored under an actual conflict of interest. (May 21, 2015 Hr'g Tr. 5:15–6:16, 23:25–24:3.) To decide Defendant's motion in the absence of determining these relevant facts would result in an incomplete record, and impair this Court's ability to make a decision based on all relevant facts, as well as the Second Circuit's ability to review the Court's decision. *See Thomas*, --- F. App'x at ---, 2015 WL 2054429, at *2; *Brown*, 623 F.3d at 114.

Defendant has moved for a new trial; a motion premised on his belief that his prior trial was fundamentally flawed, and deprived him of rights the Constitution guarantees. As Defendant notes, the rights at issue here are "basic" and "fundamental" in the criminal process. (Def. Reply 1, 28, 31.) Indeed, the Supreme Court noted long ago that conflicts of interests may jeopardize "[n]ot only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases . . . ." *Wheat v. United States*, 486 U.S. 153, 160 (1988). As a result, the Court finds no reason to refrain from exercising its discretion to hold an evidentiary hearing on Defendant's Rule 33 motion to allow further exploration of Defendant's ineffective assistance of counsel claims and his prior counsel's purported conflict of interest.

### III. Conclusion

For the foregoing reasons, the Court shall hold an evidentiary hearing on Defendant's motion for a new trial on July 10, 2015, the date agreed upon by the parties and Defendant's prior counsel.

SO ORDERED:

/s MKB
MARGO K. BRODIE
United States District Judge

Dated: May 29, 2015
       Brooklyn, New York